UNITED STATES DISTRICT COURT
DISTRICT OF MAINE
CIVIL ACTION NO:

| | |
|---|---|
| **Nationstar Mortgage LLC** | |
| Plaintiff | COMPLAINT |
| vs. | RE:<br>360 Holmes Road, Scarborough, ME 04074 |
| **Sandra A. Fitzgerald and**<br>**Thomas R. Fitzgerald** | Mortgage:<br>March 11, 1998<br>Book 13667, Page 084 |
| **Defendants** | |

NOW COMES the Plaintiff, Nationstar Mortgage LLC, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendants, Sandra A. Fitzgerald and Thomas R. Fitzgerald as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand dollars and zero cents ($75,000.00), exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by Nationstar Mortgage LLC, in which the Defendants, Sandra A. Fitzgerald and Thomas R. Fitzgerald, are the obligors and the total amount owed under the terms of the Note is One Hundred Forty Three Thousand Two Hundred Forty Four Dollars and Forty Seven Cents ($143,244.47), plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. The Plaintiff, Nationstar Mortgage LLC is a corporation organized under the laws of the State of Delaware, with its principal place of business located at 8950 Cypress Waters Boulevard, Coppell, Texas 75019

5. The Defendant, Sandra A. Fitzgerald, is a resident of Scarborough, County of Cumberland and State of Maine.

6. The Defendant, Thomas R. Fitzgerald, is a resident of Scarborough, County of Cumberland and State of Maine.

## FACTS

7. On March 19, 1997, by virtue of a Warranty Deed from Dana M. Hagerman and Shannon J. Hagerman, which is recorded in the Cumberland County Registry of Deeds in **Book 12996, Page 026**, the property situated at 360 Holmes Road, County of Cumberland, and State of Maine, was conveyed to the Defendants, Sandra A. Fitzgerald and Thomas R. Fitzgerald,

being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

8. On March 11, 1998, the Defendants, Sandra A. Fitzgerald and Thomas R. Fitzgerald, executed and delivered to First Financial Mortgage Corp. a certain Note in the amount of $90,000.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

9. To secure said Note, on March 11, 1998, the Defendants, Sandra A. Fitzgerald and Thomas R. Fitzgerald, executed a Mortgage in favor of First Financial Mortgage Corp., securing the property located at 360 Holmes Road, Scarborough, ME 04074 which Mortgage is recorded in the Cumberland County Registry of Deeds in **Book 13667, Page 084.** *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

10. The Mortgage was then assigned to Countrywide Home Loans, Inc. dba America`s Wholesale Lender by virtue of an Assignment of Deed of Trust/Mortgage dated March 11, 1998 and recorded in the Cumberland County Registry of Deeds in **Book 13667, Page 95**. *See* Exhibit D (a true and correct copy of the Assignment of Deed of Trust/Mortgage is attached hereto and incorporated herein).

11. The Mortgage was then further assigned to Countrywide Home Loans, Inc., by virtue of an Assignment of Mortgage dated April 28, 2008 and recorded in the Cumberland County Registry of Deeds in **Book 26123, Page 271**. *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

12. The Mortgage was then further assigned to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP by virtue of an Assignment of Mortgage dated September 1, 2009 and recorded in the Cumberland County Registry of Deeds in **Book 27259, Page 312**. *See* Exhibit F (A true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

13. The Mortgage was then further assigned to Bank of America, N.A. successor by merger to BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing, LP., by virtue of an Assignment of Mortgage dated August 15, 2011 and recorded in the Cumberland County Registry of Deeds in **Book 28914, Page 82**. *See* Exhibit G (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

14. The Mortgage was then further assigned to Nationstar Mortgage LLC by virtue of an Assignment of Mortgage dated January 20, 2015 and recorded in the Cumberland County Registry of Deeds in **Book 32040, Page 52**. *See* Exhibit H (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

15. On July 29, 2004, the Defendants, Sandra A. Fitzgerald and Thomas R. Fitzgerald, executed a Loan Modification Agreement which increased the principal balance of the Note to $91,013.68. *See* Exhibit I (a true and correct copy of the Loan Modification Agreement is attached hereto and incorporated herein).

16. On June 11, 2016, the Defendant, Sandra A. Fitzgerald and Thomas R. Fitzgerald, executed a Freddie MAC Standard Modification Agreement which then increased the principal balance of the Note to $133,730.26. *See* Exhibit J (a true and correct copy of the Freddie MAC Standard Modification Agreement is attached hereto and incorporated herein).

17. On July 28, 2016, the Defendants, Sandra A. Fitzgerald and Thomas R. Fitzgerald, were sent a Notice of Mortgagor's Right to Cure as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit J (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

18. The Demand Letter informed the Defendants, Sandra A. Fitzgerald and Thomas R. Fitzgerald, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit J.

19. The Defendants, Sandra A. Fitzgerald and Thomas R. Fitzgerald, have failed to cure the default prior to the expiration of the Demand Letter.

20. The Plaintiff, Nationstar Mortgage LLC, is the present holder of the Note pursuant to possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., 10 M.R.S. § 9416, and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

21. The Plaintiff, Nationstar Mortgage LLC, is the lawful holder and owner of the Note and Mortgage.

22. The total debt owed under the Note and Mortgage as of December 21, 2016, if no payments are made, is One Hundred Forty Three Thousand Two Hundred Forty Four Dollars and Forty Seven Cents ($143,244.47), which includes Unpaid Principal Balance in the amount of One Hundred Thirty Three Thousand Two Hundred Fifty Nine Dollars and Twelve Cents ($133,259.12); Accrued Interest in the amount of Six Thousand Two Hundred Seventy One Dollars and Forty Four Cents ($6,271.44); Late Fees in the amount of One Hundred Sixty Seven Dollars and Five Cents ($167.05); Deferred Late Fees in the amount of Three Hundred Thirty Seven Dollars and Twenty Five Cents ($337.25); Lender Paid Expenses in the amount of Three Hundred Dollars and zero cents ($300.00); Escrow

Advances in the amount of Two Thousand One Hundred Twenty Dollars and Sixty One Cents ($2,120.61) and Legal Fees in the amount of Seven Hundred Eighty Nine Dollars and Zero Cents ($789.00).

23. Upon information and belief, the Defendants, Sandra A. Fitzgerald and Thomas R. Fitzgerald, are presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE

24. The Plaintiff, Nationstar Mortgage LLC, repeats and realleges paragraphs 1 through 23 as if fully set forth herein.

25. This is an action for foreclosure respecting a real estate related mortgage and title located at 360 Holmes Road, Scarborough, County of Cumberland, and State of Maine. *See* Exhibit A.

26. The Plaintiff, Nationstar Mortgage, LLC, is the holder of the Note referenced in Paragraph 8 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. Of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff has the right to foreclosure upon the subject property.

27. Federal Home Loan Mortgage Association is the current owner and investor of the aforesaid Mortgage and Note.

28. The Defendants, Sandra A. Fitzgerald and Thomas R. Fitzgerald, are presently in default on said Mortgage and Note, having failed to make the monthly payment due June 1, 2016, and all subsequent payments, and, therefore, have breached the condition of the aforesaid Mortgage and Note.

29. The total debt owed under the Note and Mortgage as of December 21, 2016, if no payments are made, is One Hundred Forty Three Thousand Two Hundred Forty Four Dollars and Forty Seven Cents ($143,244.47), which includes Unpaid Principal Balance in the amount of One Hundred Thirty Three Thousand Two Hundred Fifty Nine Dollars and Twelve Cents ($133,259.12); Accrued Interest in the amount of Six Thousand Two Hundred Seventy One Dollars and Forty Four Cents ($6,271.44); Late Fees in the amount of One Hundred Sixty Seven Dollars and Five Cents ($167.05); Deferred Late Fees in the amount of Three Hundred Thirty Seven Dollars and Twenty Five Cents ($337.25); Lender Paid Expenses in the amount of Three Hundred Dollars and zero cents ($300.00); Escrow Advances in the amount of Two Thousand One Hundred Twenty Dollars and Sixty One Cents ($2,120.61) and Legal Fees in the amount of Seven Hundred Eighty Nine Dollars and Zero Cents ($789.00).

30. The record established through the Cumberland County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

31. By virtue of the Defendants' breach of condition, the Plaintiff, Nationstar Mortgage, LLC, hereby demands a foreclosure on said real estate.

32. Notice in conformity with 14 M.R.S.A. §6111 was sent to the Defendants, Sandra A. Fitzgerald and Thomas R. Fitzgerald, on July 28, 2016 as evidenced by the Certificate of Mailing. *See* Exhibit K.

33. The Defendants, Sandra A. Fitzgerald and Thomas R. Fitzgerald, are not in the Military as evidenced by the attached Exhibit L.

## COUNT II – BREACH OF NOTE

34. The Plaintiff, Nationstar Mortgage LLC, repeats and re-alleges paragraphs 1 through 33 as if fully set forth herein.

35. On March 11, 1998, the Defendants, Sandra A. Fitzgerald and Thomas R. Fitzgerald, executed and delivered to First Financial Mortgage Corp. a certain Note in the amount of Ninety Thousand Dollars and Zero Cents ($90,000.00). *See* Exhibit B.

36. The Defendants, Sandra A. Fitzgerald and Thomas R. Fitzgerald, are in default for failure to properly tender the June 1, 2016 payment and all subsequent payments. *See* Exhibit K.

37. The Plaintiff, Nationstar Mortgage LLC, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendants, Sandra A. Fitzgerald and Thomas R. Fitzgerald.

38. The Defendants, Sandra A. Fitzgerald and Thomas R. Fitzgerald, having failed to comply with the terms of the Note and Mortgage, are in breach of both the Note and the Mortgage.

39. The Defendants, Sandra A. Fitzgerald and Thomas R. Fitzgerald's breach is knowing, willful, and continuing.

40. The Defendants Sandra A. Fitzgerald and Thomas R. Fitzgerald's breach has caused the Plaintiff, Nationstar Mortgage LLC, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

41. The total debt owed under the Note and Mortgage as of December 21, 2016, if no payments are made, is One Hundred Forty Three Thousand Two Hundred Forty Four Dollars and Forty Seven Cents ($143,244.47), which includes Unpaid Principal Balance in the amount of One Hundred Thirty Three Thousand Two Hundred Fifty Nine Dollars and Twelve Cents ($133,259.12); Accrued Interest in the amount of Six Thousand Two Hundred Seventy One Dollars and Forty Four Cents ($6,271.44); Late Fees in the amount of One

Hundred Sixty Seven Dollars and Five Cents ($167.05); Deferred Late Fees in the amount of Three Hundred Thirty Seven Dollars and Twenty Five Cents ($337.25); Lender Paid Expenses in the amount of Three Hundred Dollars and zero cents ($300.00); Escrow Advances in the amount of Two Thousand One Hundred Twenty Dollars and Sixty One Cents ($2,120.61) and Legal Fees in the amount of Seven Hundred Eighty Nine Dollars and Zero Cents ($789.00).

42. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

43. The Plaintiff, Nationstar Mortgage LLC, repeats and re-alleges paragraphs 1 through 42 as if fully set forth herein.

44. By executing, under seal, and delivering the Note, the Defendants, Sandra A. Fitzgerald and Thomas R. Fitzgerald, entered into a written contract with First Financial Mortgage Corp. who agreed to loan the amount of $90,000.00 to the Defendants. *See* Exhibit B.

45. As part of this contract and transaction, the Defendants, Sandra A. Fitzgerald and Thomas R. Fitzgerald, executed the Mortgage to secure the Note and the subject property. *See* Exhibit C.

46. The Plaintiff, Nationstar Mortgage LLC, is the proper holder of the Note and successor-in-interest to First Financial Mortgage Corp., and has performed its obligations under the Note and Mortgage.

47. The Defendants, Sandra A. Fitzgerald and Thomas R. Fitzgerald, have breached the terms of the Note and Mortgage by failing to properly tender the June 1, 2016, payment and all subsequent payments. *See* Exhibit K.

48. The Plaintiff, Nationstar Mortgage LLC, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendants, Sandra A. Fitzgerald and Thomas R. Fitzgerald.

49. The Defendants, Sandra A. Fitzgerald and Thomas R. Fitzgerald, having failed to comply with the terms of the Note and Mortgage, are in breach of contract.

50. The Defendants, Sandra A. Fitzgerald and Thomas R. Fitzgerald are indebted to the Plaintiff, Nationstar Mortgage LLC, in the amount of One Hundred Forty Three Thousand Two Hundred Forty Four Dollars and Forty Seven Cents ($143,244.47), for money lent by Plaintiff, Nationstar Mortgage, LLC, to the Defendants, Sandra A. Fitzgerald and Thomas R. Fitzgerald.

51. The Defendants, Sandra A. Fitzgerald and Thomas R. Fitzgerald's breach is knowing, willful, and continuing.

52. The Defendants Sandra A. Fitzgerald and Thomas R. Fitzgerald's breach has caused the Plaintiff Nationstar Mortgage LLC to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

53. The total debt owed under the Note and Mortgage as of December 21, 2016, if no payments are made, is One Hundred Forty Three Thousand Two Hundred Forty Four Dollars and Forty Seven Cents ($143,244.47), which includes Unpaid Principal Balance in the amount of One Hundred Thirty Three Thousand Two Hundred Fifty Nine Dollars and Twelve Cents ($133,259.12); Accrued Interest in the amount of Six Thousand Two Hundred Seventy One Dollars and Forty Four Cents ($6,271.44); Late Fees in the amount of One Hundred Sixty Seven Dollars and Five Cents ($167.05); Deferred Late Fees in the amount of Three Hundred Thirty Seven Dollars and Twenty Five Cents ($337.25); Lender Paid Expenses in the amount of Three Hundred Dollars and zero cents ($300.00); Escrow

Advances in the amount of Two Thousand One Hundred Twenty Dollars and Sixty One Cents ($2,120.61) and Legal Fees in the amount of Seven Hundred Eighty Nine Dollars and Zero Cents ($789.00).

54. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT IV – QUANTUM MERUIT

55. The Plaintiff, Nationstar Mortgage LLC, repeats and re-alleges paragraphs 1 through 54 as if fully set forth herein.

56. First Financial Mortgage Corp., predecessor-in-interest to Nationstar Mortgage LLC, loaned the Defendants, Sandra A. Fitzgerald and Thomas R. Fitzgerald, Ninety Thousand Dollars ($90,000.00).  *See* Exhibit B.

57. The Defendants, Sandra A. Fitzgerald and Thomas R. Fitzgerald, are in default for failure to properly tender the June 1, 2016 payment and all subsequent payments.  *See* Exhibit K.

58. As a result of the Defendants' failure to perform under the terms of the Note and Mortgage, the Defendants, Sandra A. Fitzgerald and Thomas R. Fitzgerald, have been unjustly enriched at the expense of the Plaintiff, Nationstar Mortgage LLC.

59. As such, the Plaintiff, Nationstar Mortgage LLC, is entitled to relief under the doctrine of *quantum meruit*.

## COUNT V –UNJUST ENRICHMENT

60. The Plaintiff, Nationstar Mortgage LLC repeats and re-alleges paragraphs 1 through 59 as if fully set forth herein.

61. First Financial Mortgage Corp., predecessor-in-interest to Nationstar Mortgage LLC, loaned the Defendants, Sandra A. Fitzgerald and Thomas R. Fitzgerald, Ninety Thousand Dollars ($90,000.00). *See* Exhibit B.

62. The Defendants, Sandra A. Fitzgerald and Thomas R. Fitzgerald, have failed to repay the loan obligation pursuant to the terms of the Note and Mortgage.

63. As a result, the Defendants, Sandra A. Fitzgerald and Thomas R. Fitzgerald, have been unjustly enriched to the detriment of the Plaintiff, Nationstar Mortgage LLC, as successor-in-interest to First Financial Mortgage Corp. by having received the aforesaid benefits and monies and not repaying said benefits and money.

64. As such, the Plaintiff, Nationstar Mortgage LLC, is entitled to relief.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff, Nationstar Mortgage LLC, prays this Honorable Court:

a) Issue a judgment of foreclosure in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff, Nationstar Mortgage, LLC, upon the expiration of the period of redemption;

c) Find that the Defendants, Sandra A. Fitzgerald and Thomas R. Fitzgerald, are in breach of the Note by failing to make payment due as of June 1, 2016, and all subsequent payments;

d) Find that the Defendants, Sandra A. Fitzgerald and Thomas R. Fitzgerald, are in breach of the Mortgage by failing to make payment due as of June 1, 2016, and all subsequent payments;

e) Find that the Defendants, Sandra A. Fitzgerald and Thomas R. Fitzgerald, entered into a contract for a sum certain in exchange for a security interest in the subject property;

f) Find that the Defendants, Sandra A. Fitzgerald and Thomas R. Fitzgerald, are in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due June 1, 2016 and all subsequent payments;

g) Find that Plaintiff, Nationstar Mortgage, LLC, is entitled to enforce the terms and conditions of the Note and Mortgage;

h) Find that by virtue of the Note and Mortgage, the Defendants, Sandra A. Fitzgerald and Thomas R. Fitzgerald, have been unjustly enriched at the Plaintiff's expense;

i) Find that such unjust enrichment entitles the Plaintiff, Nationstar Mortgage LLC, to restitution;

j) Find that the Defendants, Sandra A. Fitzgerald and Thomas R. Fitzgerald, are liable to the Plaintiff for money had and received;

k) Find that the Defendants, Sandra A. Fitzgerald and Thomas R. Fitzgerald, are liable to the Plaintiff, Nationstar Mortgage LLC, for quantum meruit;

l) Find that the Defendants, Sandra A. Fitzgerald and Thomas R. Fitzgerald, have appreciated and retained the benefit of the Mortgage;

m) Find that it would be inequitable for the Defendants, Sandra A. Fitzgerald and Thomas R. Fitzgerald, to continue to appreciate and retain the benefit of the Mortgage without recompensing the appropriate value;

n) Find that the Plaintiff, Nationstar Mortgage, LLC, is entitled to restitution for this benefit from the Defendants, Sandra A. Fitzgerald and Thomas R. Fitzgerald;

o) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

p) Additionally, issue a money judgment against the Defendants, Sandra A. Fitzgerald and Thomas R. Fitzgerald, and in favor of the Plaintiff, Nationstar Mortgage LLC, in the amount of One Hundred Forty Three Thousand Two Hundred Forty Four Dollars and Forty Seven Cents ($143,244.47), the total debt owed under the Note plus interest and costs including attorney's fees and costs;

q) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
Nationstar Mortgage LLC,
By its attorneys,

Dated: December 22, 2016

/s/ John A. Doonan
John Doonan, Esq. (BBO# 3250)
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915
(978) 921-2670